LeCLAIR RYAN, a Professional Corporation
Andrew J. Frisch, Esq.
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8031
Facsimile: (212) 430-8061

Attorneys for Defendant
  Life Partners Holdings, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MAXIM GROUP LLC,                                        Case No. 07 CV 8099 (LAP)

                          Plaintiff,

            -against-                                              **ANSWER**

LIFE PARTNERS HOLDINGS, INC.,

                          Defendant.

_____

        Defendant Life Partners Holdings, Inc., by counsel, for its Answer to the Complaint filed

in this matter by Plaintiff, states as follows:

        1. Defendant neither admits nor denies the allegations in paragraph 1 of the Complaint,

but acknowledges that plaintiff seeks to base jurisdiction on diversity of the parties

        2.  Defendant neither admits nor denies the allegations in paragraph 2 of the Complaint,

but acknowledges that plaintiff seeks to base venue in this jurisdiction

        3.  Defendant lacks sufficient information to admit or deny the allegations of paragraph 3

of the Complaint and therefore denies those allegations.

        4.  Defendant admits the allegations of paragraph 4 of the Complaint, except denies that

its true name is Life Partner Holdings, Inc.  Its true name is Life Partners Holdings, Inc.

5. Defendant lacks sufficient information to admit or deny the allegations of paragraph 5 of the Complaint and therefore denies those allegations.

6. Defendant admits that Exhibit A to paragraph 6 of the Complaint appears to be a copy of the Contract between plaintiff and defendant, dated October 25, 2004. Defendant believes that terms of the Contract speak for themselves and therefore denies all characterizations of the document or its contents in paragraph 6 of the Complaint. All remaining allegations in paragraph 6 of the Complaint are denied.

7. Defendant believes that terms of the Contract speak for themselves and therefore denies all characterizations of the document or its contents in paragraph 7 of the Complaint. All remaining allegations in paragraph 7 of the Complaint are denied.

8. Defendant believes that terms of the Contract speak for themselves and therefore denies all characterizations of the document or its contents in paragraph 8 of the Complaint. All remaining allegations in paragraph 8 of the Complaint are denied.

9. Defendant believes that terms of the Contract speak for themselves and therefore denies all characterizations of the document or its contents in paragraph 9 of the Complaint. All remaining allegations in paragraph 9 of the Complaint are denied, except that Section 3 of the Contract provided that the Warrant was conditioned on plaintiff delivering proposed warrant certificates for defendant's consideration simultaneously with its delivery of the proposed contract for signature.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint, but admits that Life Partners requested no further services of plaintiff after plaintiff failed to perform all of its obligations under the Contract.

13. Defendant denies the allegations of paragraph 13 of the Complaint, but admits that it paid $25,000 to Maxim.

14. Defendant denies the allegations of paragraph 14 of the Complaint, but admits that plaintiff has demanded that it deliver the Warrant to which plaintiff claims it is entitled under the Contract.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant repeats its responses to paragraphs 1 through 15 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant repeats its responses to paragraphs 1 through 19 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

## GENERAL DENIAL

Defendant denies any allegation contained in Plaintiff's Complaint that has not otherwise been specifically admitted or denied herein.

## DEFENSES

### FIRST DEFENSE

Plaintiff is barred from relief because it failed to satisfy a condition precedent under Section 3(a)(ii) of the Contract by which plaintiff was required to deliver proposed warrant certificates for defendant's consideration and approval simultaneously with the proposed Contract and prior to the grant of the Warrant.

### SECOND DEFENSE

Plaintiff is barred from relief because it materially breached the Contract by failing or refusing to perform the services it agreed to perform pursuant to the Contract.

### THIRD DEFENSE

Plaintiff is barred from relief under the doctrine of laches because of its inexcusable delay in asserting a right under the Contract causing prejudice to defendant.

### FOURTH DEFENSE

Plaintiff's claims are barred under the doctrine of waiver or estoppel.

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, Defendant requests that this matter be dismissed; that affirmative

judgment be entered in its favor, with prejudice; and that Defendant be awarded such other relief

as the Court may deem just and appropriate.

Dated:  New York, New York
        December 5, 2007

                                   LeCLAIR RYAN, a Professional Corporation


                                   /s/  Andrew J. Frisch
                                   Andrew J. Frisch
                                   830 Third Avenue, 5th Floor
                                   New York, NY 10022
                                   Telephone: (212) 430-8031
                                   Facsimile:  (212) 430-8061
                                   Attorneys for Defendant Life Partners
                                        Holdings, Inc.

5

## CERTIFICATE OF SERVICE

I, ANDREW J. FRISCH, certify the following to be true under the penalties of perjury: on December 5, 2007, I served the within ANSWER on the party listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

>Matthew Schwartz,, Esq.
>134 West 29th Street – Suite 1006
>New York, New York 10001

Dated:  New York, New York
        December 5, 2007

>/s/  Andrew J. Frisch
>Andrew J. Frisch