LeCLAIR RYAN, a Professional Corporation
Andrew J. Frisch
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8031
Facsimile:  (212) 430-8061

Attorneys for Defendant
   Life Partners Holdings, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAXIM GROUP LLC,                                    Case No. 07 CV 8099 (LAP)

           Plaintiff,

-against-

LIFE PARTNERS HOLDINGS, INC.,

           Defendant.

---

### STATEMENT OF UNCONTESTED FACTS
### PURSUANT TO LOCAL CIVIL RULE 56.1

Defendant Life Partners Holdings, Inc. ("Life Partners"), by its counsel, respectfully submits its statement of uncontested facts as follows:

1. On September 14, 2007, Maxim Group LLC ("Maxim"), an investment banking firm and FINRA registered broker-dealer, filed a complaint against Life Partners alleging breach of contract and seeking specific performance. Complaint.

2. Life Partners is a Texas corporation with its principal place of business in Waco, Texas. Life Partners is publicly traded on the NASDAQ market under the symbol LPHI. Life Partners, through its wholly-owned subsidiary Life Partners, Inc.,

assists investors in buying interests in life insurance policies placed for sale on the national market. Complaint at ¶ 4; Peden Declaration at ¶ 1.

3. Maxim's claim is based solely on a contract between Maxim and Life Partners attached as Exhibit A to the Complaint. The contract is in the form of a letter, dated October 25, 2004, drafted by Maxim and sent to Life Partners. Complaint, Exhibit A.

4. The Contract states that Maxim would provide certain "general financial advisory and investment banking services" to Life Partners. Maxim requested that Life Partners sign the letter "[i]f the foregoing correctly sets forth our agreement." Complaint, Exhibit A.

5. The first numbered paragraph of the letter agreement described Maxim's anticipated services to Life Partners, identified in the letter as the "Company," as follows:

> 1. <u>Retention</u>. The Company hereby retains Maxim, during the term of this agreement, as its exclusive financial advisor and investment banker . . . to provide general financial advisory and investment baking services, and Maxim accepts such retention on the terms and conditions set forth in this Agreement. In such capacity, maxim shall: (i) familiarize itself, to the extent appropriate and feasible, with the business operations, properties, financial condition, management and prospects of the Company; (ii) advise the Company on matters relating to its capitalization; (iii) evaluate alternative financing structures and arrangements; (iv) assist the Company in developing appropriate acquisition criteria and identifying target industries; (v) assist the Company in evaluating and make recommendations concerning the relationships among the Company's various lines of business and potential areas for business growth; and (vi) provide such other financial advisory and investment banking services upon which the parties may mutually agree . . . .

Complaint, Exhibit A.

6. The third numbered paragraph of the letter agreement described the three separate elements of Maxim's compensation for its anticipated services as follows:

> 3. <u>Compensation</u>. As consideration for Maxim's services pursuant to this Agreement, Maxim shall be entitled to receive, and the Company agrees to pay Maxim, the following compensation:
>
> (a)(i) a non-refundable cash fee of $25,000 payable upon execution of this Agreement ("Initial Advisory Fee"), and (ii) The Company shall grant to Maxim a warrant ("Warrant") to purchase 100,000 shares of the Company's common stock. The Warrant shall be exercisable at any time during the five-year period commencing on the date hereof at an exercise price of $7.00 per share. The Warrant shall provide for immediate registration at the optionee's expense as well as other provisions, including, without limitation, those pertaining to cashless exercise, anti-dilution protection and piggyback registration rights, contained in the Warrant certificates delivered to the Company together with this Agreement. The fees appearing in <u>Exhibit B</u> (hereto, the "Fee Schedule") shall be earned by and paid to Maxim by the Company, in connection with financings or transactions undertaken by the Company, the terms of which will be will be [sic] mutually agreed upon under separate advisory, placement agency and/or underwriting agreements.

Complaint, Exhibit A.

       7. The contract provided that only the "Initial Advisory Fee" of $25,000 was a retainer, and the remaining compensation, including the warrant, was "consideration for Maxim's services pursuant to this Agreement." Complaint, Exhibit A.

       8. The letter agreement's eighth numbered paragraph provided that the term of the agreement would be six months and would thereafter continue on a month-to-month basis, during which either party could terminate the agreement on notice. In the event of such termination, the letter agreement provided that Life Partners would pay Maxim "all compensation earned through the date of such termination . . . pursuant to any provision of Section 3 hereof. . . ." Complaint, Exhibit A.

       9. The eleventh numbered paragraph of the agreement provided that the letter agreement "may not be modified or amended except in a writing duly executed by the parties hereto." Complaint, Exhibit A.

10. Maxim did not fulfill its obligation, as stated in its letter to Life Partners, to deliver proposed certificates describing terms and conditions of the warrant. Peden Declaration at ¶ 2-3.

11. No undertakings nor any transactions were consummated by Life Partners as the result of its agreement with Maxim. Complaint at 11.

Respectfully submitted,

LeCLAIR RYAN,
A Professional Corporation
Attorneys for Defendant
   Life Partners Holdings, Inc.

By:   /s/ Andrew J. Frisch
      Andrew J. Frisch
      830 Third Avenue
      New York, New York 10022
      Telephone: (212) 430-8031
      Facsimile:  (212) 430-8061

      Robert P. Howard, Jr.
      1101 Connecticut Avenue, N.W.
      Washington, D.C. 20036
         Of Counsel

## CERTIFICATE OF SERVICE

I, ANDREW J. FRISCH, certify the following to be true under the penalties of perjury: on December 5, 2007, I served the within STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56.1 on the party listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

        Matthew Schwartz,, Esq.
        134 West 29th Street – Suite 1006
        New York, New York 10001

Dated: New York, New York
       December 5, 2007

                                                /s/ Andrew J. Frisch
                                                Andrew J. Frisch