```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :
MAXIM GROUP LLC,                :
                                :
            Plaintiff,          :     07 Civ. 8099 (LAP)
                                :
      v.                        :     MEMORANDUM AND ORDER
                                :
LIFE PARTNERS HOLDINGS, INC.,   :
                                :
            Defendant.          :
                                :
--------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/08

LORETTA A. PRESKA, U.S.D.J.

   Plaintiff Maxim Group LLC ("Maxim") is an investment banking firm and registered broker dealer incorporated in the State of New York.  Defendant Life Partners Holdings, Inc. ("Life Partners") is a publicly traded viatical and life insurance settlement company incorporated in the state of Texas that contracted with Maxim.  Maxim brought this action for breach of contract; Life Partners now moves for summary judgment [dkt. no. 10], and, for the reasons set forth below, that motion is DENIED.

I.  BACKGROUND

   In 2004, Life Partners sought to raise capital to buy and

sell life insurance policies (see Pardo Decl. ¶ 5)[1] and, to facilitate that goal, engaged the services of Maxim under the terms of a contract executed in October 2004 ("the Contract") (see Scott Decl. Ex. 1).[2] As compensation, Maxim was to receive, among other things, a $25,000 non-refundable cash fee and a warrant to purchase 100,000 shares of Life Partners stock exercisable at the price of seven dollars per share. (Id. § 3(a).) The warrant was never delivered to Maxim (see Compl. ¶ 13), and it commenced this action in September 2007, alleging that Life Partners' failure to deliver the warrant constitutes breach of the Contract. (See Compl. ¶ 18). Life Partners now moves for summary judgment, arguing that its failure to deliver the warrant is excused by Maxim's failure to satisfy a condition precedent: delivery to Life Partners of a warrant certificate. (See Def.'s Mem. 5.)

Life Partners points to the following passage, which it argues constitutes the express condition precedent:

> [T]he company shall grant to Maxim a warrant ("Warrant") to purchase 100,000 shares of the company's common stock. The warrant shall be exercisable at any time during the five year period commencing on the date hereof at an exercise price of

---

[1] Reference is to the Declaration of Brain D. Pardo in Support of Life Partners Holdings, Inc.'s Motion for Summary Judgment, sworn to on February 18, 2008.

[2] Reference is to the Declaration of Andrew Scott, sworn to on January 24, 2008.

2

> $7.00 per share. The warrant shall provide for immediate registration at the optionee's expense as well as other provisions, including, without limitation, those pertaining to cashless exercise, anti-dilution protection and piggyback registration rights, <u>contained in the warrant certificates delivered to the Company together with this Agreement</u>.

Scott Decl. Ex. 1 (emphasis added).

## II. DISCUSSION

Summary judgment may only be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

Under New York Law, it is for the court to decide as a matter of law whether an express condition precedent to performance exists under the terms of a contract. See Rooney v. Slomowitz, 11 A.D.3d 864, 865, 784 N.Y.S.2d 189, 192 (3d Dep't 2004). A condition precedent is an act or event other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises. See Oppenheimer & Co. v. Oppenheim, 86 N.Y.2d 685, 690,

636 N.Y.S.2d 734, 737 (1995). "[C]onditions [precedent] are not favored under New York law, and in the absence of unambiguous language, a condition [precedent] will not be read into the agreement." Ginnett v. Computer Task Group, 962 F.2d 1085, 110 (2d Cir. 1992) (citing Uniroyal, Inc. v. Heller, 65 F.R.D. 83, 93 (S.D.N.Y. 1974)); see also Kidder Peabody & Co., Inc. v. Unigestion Int'l, Ltd., 903 F. Supp. 479, 501 (S.D.N.Y. 1995) ("[A] contractual duty is not to be construed as a condition precedent unless the language of the contract clearly imposes such a condition."); 2 E. Allan Farnsworth, Farnsworth on Contracts § 8.2 (3d ed. 2004) ("Parties often use language such as 'if,' 'on condition that,' 'provided that,' 'in the event that,' and 'subject to' . . . but other words may suffice.").

In this case, the language of the Contract does not unambiguously indicate that the parties intended for the delivery of the warrant certificates to operate as a condition precedent. There is no indication that delivery of the warrant certificates was required to occur before the warrant could be earned through performance. Indeed, had the parties intended for the delivery of the warrant certificates to operate as a condition precedent, they could have used express, clear and unambiguous language. Such was the case in Eastman Kodak Co v. Bostic, No. 91 Civ. 1797, 1991 WL 243378 (S.D.N.Y. Nov. 14, 1991), cited by Life Partners in support of its motion. Unlike

4

this case, the contract in <u>Bostic</u> included clear language indicative of a condition precedent. <u>See, e.g.</u>, <u>Bostic</u>, 1991 WL 243378 at *1 ("Ten business days after delivery of the Audited Final Balance Sheet, there shall be paid to Kodak by the Bostics 70% of any decrease, or to the Bostics by Kodak 70% of any increase, in the consolidated net worth of NCP as reflected in the Audited Final Balance Sheet from that reflected in the Unaudited Final Balance Sheet."). The parties included no such language in this contract, and, as Professor Williston points out, their failure to do so "is probative of the parties' intention that a promise be made rather than a condition imposed." 13 <u>Williston On Contracts</u> §38:16 (4th ed. 2000).

For that reason, I conclude that delivery of the warrant certificates was not a condition precedent, and, thus, Life Partners cannot avoid its obligation for failure of such delivery. Therefore, the motion [dkt. no. 10] is DENIED.

The parties shall confer and inform the court by joint letter no later than 10 days after the issuance of this Memorandum and Order how they propose to proceed.

SO ORDERED
Dated:     September 4, 2008
           New York, New York

*[signature]*
LORETTA A. PRESKA, U.S.D.J.

5