```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
MAXIM GROUP LLC,                 :
                                 :
                Plaintiff,       :     07 Civ. 8099 (LAP)
                                 :
       v.                        :     ORDER
                                 :
LIFE PARTNERS HOLDINGS, INC.,    :
                                 :
                Defendant.       :
                                 :
--------------------------------x
```

LORETTA A. PRESKA, Chief United States District Judge:

Defendant Life Partners Holdings, Inc.'s ("LPHI") motion for partial summary judgment and Plaintiff Maxim Group LLC's ("Maxim") cross-motion for summary judgment are currently sub judice. Before this Court can render a decision on the motions, however, a jurisdictional question must be resolved. Maxim brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. In its First Amended Complaint, Maxim alleges that it "is a limited liability company formed under the laws of the State of New York [and] is a citizen of the State of New York." (Compl. ¶ 3.) For the purposes of diversity jurisdiction, a limited liability company's ("LLC") citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC.

See Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990) ("[T]he citizenship of an artificial entity . . . depends on the citizenship of all the members, the several persons composing such association, [or] each of its members.") (citation omitted); Handelsman v. Bedford Village Assocs. Ltd., 213 F.3d 48, 51-52 (2d Cir. 2000) (same); see also Weave Masters, Inc. v. Cambridge Fashion, Inc., No. 09 Civ. 1172, 2009 WL 510834, *2 (S.D.N.Y. Feb. 26, 2009) ("Unlike a corporation, the citizenship of a limited liability company is not the state of its incorporation or its principal place of business. Rather, the LLC shares the citizenship of all of its constituent corporate members.") Because the First Amended Complaint is premised upon diversity of citizenship, it must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.

Accordingly, it is hereby

ORDERED that by January 15, 2010, Maxim shall amend its complaint to allege the citizenship of each constituent person or entity that is a member of Maxim. If an LLC is a member of Maxim, then the citizenship of each member of the

constituent LLC must be alleged. If, by the foregoing date, Maxim is unable to amend to truthfully allege complete diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: New York, New York
       January 5, 2010

*Loretta A. Preska*
LORETTA A. PRESKA, CHIEF U.S.D.J.